UNITED STATES DISTRICT COURT    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
CHRISTOS TSIAMPALIS,       :
                :
      Plaintiff,  :  MEMORANDUM
                :  AND ORDER
  - against -        :
                :  06 CV 5101 (JG)
MONARCH LIFE INSURANCE COMPANY, :
                :
      Defendant. :
----------------------------------------------------------------- X

A P P E A R A N C E S :

  GINSBERG & KATSORHIS
    77-53 Main Street
    Flushing, NY 11367
  By: Kerry John Katsorhis
    Attorneys for Plaintiff

  WINDELS MARX LANE & MITTENDORF, LLP
    156 West 56th Street
    New York, NY 10019
  By: Delton L. Vandever
    Attorneys for Defendant

JOHN GLEESON, United States District Judge:

  Christos Tsiampalis brought this action in New York State Supreme Court, Queens County seeking (1) a declaration that a provision in his disability insurance policy ("the Policy") issued by Monarch Life Insurance Company ("Monarch") is "impossible to perform" and "against public policy and void," and injunctive relief reinstating the Policy; (2) a declaration that Monarch's termination of its waiver of Tsiampalis's premium payments, pursuant to a provision of the Policy, was "inconsistent with the terms and conditions" of the

Policy,[1] and injunctive relief reinstating the waiver; and (3) an award of fees and costs. Compl. at 8-9. Monarch moved to dismiss the complaint in state court. Subsequently, it removed the case to this Court and asked that I decide that motion to dismiss.[2] For the reasons discussed below, I grant the motion.[3]

BACKGROUND

Monarch issued the Policy to Tsiampalis on January 7, 1987. Compl. at 1-2; Vandever Aff. Ex. B. at 3 (Policy at 1)[4]. The Policy provides benefits to an insured who is "totally disabled." Vandever Aff. Ex. B. at 5 (Policy at 3). According to the terms of the contract,

> You [*i.e.*, the policyholder] will be considered *totally disabled* if all these conditions are met:

---

[1] Elsewhere in the complaint Tsiampalis asks for a declaratory judgment that the waiver provision is itself inconsistent with the terms and conditions of the Policy, and requests that I void the provision. *See* Compl. at 7 ("That circumstances exist herein which justify a decision by this Court . . . to determine whether those provisions of 'Section 3, Disability Policy' of the aforementioned policy of insurance are inconsistent with the terms and conditions of the policy and thus void.").

[2] At oral argument, counsel for Tsiampalis stated that he had no authority for his opposition to the motion to dismiss and that he did not, in fact, oppose the motion. As the motion was fully briefed before the parties appeared before me at a premotion conference, counsel was presumably aware that his opposition to the motion to dismiss lacked merit at that time. Counsel should have so advised the Court then, rather than waste his client's money and his adversary's time (not to mention the Court's time) opposing a position he was prepared to concede.

[3] Tsiampalis cross-moved in state court to amend his complaint with two additional causes of action. As Monarch does not oppose the motion, it is granted. Tsiampalis is instructed to file the amended complaint on or before February 5, 2007.

[4] Tsiampalis quotes and refers to the terms of the Policy at issue in his complaint. My consideration of that document is therefore justified in considering Monarch's motion to dismiss. *See Discover Group, Inc. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 82 (E.D.N.Y. 2004) ("The Court's consideration of a motion to dismiss pursuant to 12(b)(6) is limited to the factual allegations in the complaint, documents incorporated by reference in the complaint, matters of which judicial notice may be taken, and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.") (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough.") (emphasis omitted).

- You are unable to do the substantial and material duties of your regular occupation. Your *regular occupation* is your usual work when total disability starts. If you are retired and not working when total disability starts, your regular occupation will be the normal activities of a retired person of like age and sex.
- Your total disability starts while this policy is in force.
- Your total disability results from sickness or injury.
- You are under a doctor's care. *Doctor* means a licensed physician other than yourself.

*Id.*; Compl. at 2. An additional condition of "total disability" must be satisfied "after 60 months of continuous disability":

- You are unable to do the substantial and material duties of each and every reasonable occupation. A *reasonable occupation* is any gainful work you can do based on your education, training or experience, and with due regard to your earnings before total disability starts.

Vandever Aff. Ex. B. at 5 (Policy at 3); Compl. at 2-3. This general disability provision is the first provision at issue.

The parties to the Policy exchange insurance coverage for premium payments. Pursuant to a "Waiver of Premiums" provision, however,

If you [*i.e.*, the policyholder] are totally disabled for a continuous period of at least 90 days:

- we [*i.e.*, Monarch] will waive premiums coming due during the disability; and
- we will refund any payments made for premiums due during the disability.

We will continue to waive premiums until you are no longer totally disabled. But no premium due on or after your 65th birthday will be waived or refunded.

*Id.* at 6 (Policy at 4); Compl. at 6-7. The waiver of premiums provision is the second provision at issue.

On June 21, 1999, Tsiampalis suffered an injury to his left shoulder, which limited his ability to sit, stand, walk and lift, and rendered him "unable to perform substantial

and material duties of his regular occupation as a limousine driver."[5] Compl. at 3. Tsiampalis made a timely claim for benefits pursuant to the Policy, and Monarch began payments. *Id.* at 4.

On July 20, 2005, the Social Security Administration found that plaintiff suffered from a disability -- as defined by the Social Security Act -- as of June 21, 1999. *Id.* at 3. Monarch "accepted" this finding. *Id.* at 4. On December 20, 2005, however, Monarch disclaimed further coverage, claiming that Tsiampalis failed to satisfy the contractual definition of "total disability," because Monarch found that he did not meet the general disability requirement triggered after 60 months of continuous disability. *See id.* Monarch terminated Tsiampalis's eligibility for waiver of premiums effective April 1, 2006. *See id.* at 7.

## DISCUSSION

A.   *Standard of Review*

A motion to dismiss tests the legal sufficiency of a complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). A legally sufficient complaint must allege at least one set of facts that "confer[s] a judicially cognizable right of action." *York v. Ass'n of the Bar of New York*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002).

Accordingly, I accept the factual allegations in Tsiampalis's complaint as true, and draw all inferences in his favor. *See Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005), *cert. granted*, 126 S. Ct. 2965 (2006) (citing *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d

---

[5]   As discussed in the text below, I accept the facts alleged in the complaint as true for the purposes of this motion.

Cir. 2001)). Moreover, I may not grant Monarch's motion unless it appears beyond doubt that Tsiampalis can prove no set of facts that entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001).

B.  *The General Disability Provision*

Tsiampalis asks for a declaration that the general disability requirement for benefits under the Policy is "impossible to perform" and "against public policy and void." Compl. at 6. He asks that I order the reinstatement of the Policy accordingly.

Tsiampalis argues that the general disability requirement is void because it is contrary to public policy. Nowhere in his complaint or opposition papers, however, does he indicate which public policy he has in mind. He cites no statute reflecting the policy against general disability requirements, *compare West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.*, 87 N.Y.2d 148, 158 (1995) (holding contractual "pay-when-paid provision which forces the subcontractor to assume the risk that the owner will fail to pay the general contractor" void as contrary to public policy reflected in N.Y. Lien Law § 34), nor does he allege that the contract is a product of wrongful conduct, *compare S. T. Grand, Inc. v. City of New York*, 32 N.Y.2d 300 (1973) (voiding contract as a product of bribery). Indeed, Tsiampalis refers to no authority for his position whatsoever.

New York law does not reflect a policy against such provisions. In fact, the state *requires* life insurance contracts providing disability benefits to define "total disability" either as a function of average monthly salary or as "incapacity of the insured, resulting from injury or disease, to engage in any occupation for remuneration or profit." N.Y. Ins. Law § 3215(a)(1)(A). Moreover, the caselaw illustrates that general disability provisions are commonplace. *See, e.g.*,

5

*Ellis v. Metlife Sec. Ins. Co.*, 515 N.Y.S.2d 935, 936 (4th Dep't 1987) (describing disability insurance policy pursuant to which "[t]he insured would receive benefits for two years if he was unable to perform the duties of a police officer, and after that, benefits would continue for as long as the insured was unable to be otherwise gainfully employed"); *Muzio v. Metro. Life Ins. Co.*, 291 N.Y.S. 955, 956-57 (2d Dep't 1936) (construing provision in accident policy conditioning disability benefits after 52 weeks upon the inability to perform "any and every occupation or employment for wage or profit"); *cf. Barnhart v. Walton*, 535 U.S. 212, 218 (2002) (noting that the Social Security Act provides that an "individual shall be determined to be under a disability only if his . . . impairment . . . [is] of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy . . . .") (citing 42 U.S.C. § 423(d)(2)(A)). Accordingly, I cannot conclude that the Policy's general disability provision is contrary to public policy.

Tsiampalis also argues that the general disability requirement is "impossible to perform." Impossibility of performance is an excuse for nonperformance, not a basis for voiding a term of a contract. *See 407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 23 N.Y.2d 275, 281 (1968) (noting that the doctrine is phrased sometimes as an "a matter of excuse from performance" and sometimes as "an implied condition for performance"). Moreover, the doctrine "is limited to the destruction of the means of performance by an act of God, *vis major*, or by law." *Id.* (citations omitted); *see also Kel Kim Corp. v. Cent. Mkts., Inc.*, 70 N.Y.2d 900, 902 (1987) (noting impossibility of performance "excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible"). Even if the doctrine were relevant, however, it would provide no help

6

to Tsiampalis because the caselaw documents numerous examples of those who are "unable to do the substantial and material duties of each and every reasonable occupation." *See, e.g.*, *Tschida v. Cont'l Cas. Co.*, 30 A.D.2d 941, 942 (1st Dep't 1968) ("The record supports the finding, now made, that . . . within the meaning of the policy provisions, she was 'wholly and continuously disabled . . . and prevented by reason of said injury from engaging in each and every occupation or employment for wage or profit for which [she] is reasonably qualified by training, education or experience.'").

Tsiampalis's core objection to the Policy flows not from public policy or impossibility but from his opinion that the contract is unfair. He contends that if an insured becomes "totally disabled" by, among other things, being unable to perform the substantial and material duties of his regular occupation, "it seems preposterous to claim that same insured" is no longer totally disabled after an "arbitrary" period of 60 months. Affirmation in Support of Cross-Motion and in Opposition to Defendant's Motion To Dismiss ("Affirmation") at 7. Behind this argument lies the presumption that Monarch has an obligation to define the term "total disability" only with reference to a particular occupation. Tsiampalis proves no such obligation, and the prevalence of general disability provisions militates strongly against it. Moreover, Tsiampalis as a policy-holder is duty-bound to have read and conclusively presumed to have assented to the terms of his insurance policy. *See Katz v. Am. Mayflower Life Ins. Co.*, 788 N.Y.S.2d 15, 17 (1st Dep't 2004). He cannot alter them now merely because he finds them "arbitrary."

Tsiampalis also argues that it is "unfair, unjust and against public policy" for the analysis of whether the insured is "totally disabled" to be conducted by an employee of the

7

insurance company. Affirmation at 8. Such an employee may well have certain incentives to err on the side of denying benefits to the insured. But Tsiampalis does not demonstrate why those incentives amount to an injustice. Nor does New York law reflect the public policy Tsiampalis claims it does. To the contrary, certain insurers are entitled to set "reasonable requirements as to the time, method and form of proof of disability and as to the continuance of disability, *including an examination of the insured by the insurer at reasonable intervals*." N.Y. Ins. Law § 3215(a)(4) (emphasis added). Accordingly, the mere occurrence of such an examination provides insufficient grounds for me to void the general disability provision of the Policy.[6]

I conclude that there is no legal basis for a declaratory judgment that the general disability provision in the Policy is impossible to perform or void as against public policy. The claim is dismissed.

C.  *The Waiver Provision*

Tsiampalis argues in the complaint that the Policy's waiver provision is inconsistent with the terms and conditions of the Policy. Compl. at 7. He also argues that Monarch's termination of the waiver is inconsistent with the Policy, and asks that I "rescind the requirement of payment of premiums effective April 1, 2006, immediately." Compl. at 7-8. Monarch moves to dismiss on the grounds that Tsiampalis has identified no such inconsistencies, and Tsiampalis's motion papers contain no defense of this cause of action.

---

[6] Tsiampalis's final objection is based upon a misreading of the Policy. He asks rhetorically "if an insured was rendered 'totally disabled' for the first five years and is unable to perform the substantial and material duties of his regular occupation, how can he miraculously be able to perform substantial and material duties of every reasonable occupation, some five years later[?]" Affirmation at 7. But the Policy does not condition benefits on the insured being *able* to perform the duties of "every reasonable occupation," it conditions benefits on the insured being "*unable* to do the substantial and material duties of each and every reasonable occupation." Compl. at 2-3 (emphasis added).

8

To the extent that Tsiampalis attempts to identify an ambiguity in the terms of the Policy to support a request that I "void" the waiver provision, Compl. at 7, I deny the application. A mere ambiguity in a contract does not justify a finding that the ambiguous terms are void. Nothing prohibits parties from entering into contracts with terms that are ambiguous, and "in the absence of fraud or other wrongful conduct" infecting the creation of the contract, "the policy holder is conclusively presumed to know [the policy's] contents and to assent to them." *Ciaramella v. State Farm Ins. Co.*, 709 N.Y.S.2d 296, 297 (4th Dep't 2000) (citation omitted). A policy-holder is entitled to the favorable construction of ambiguous policy terms, *see Mostow v. State Farm Ins. Cos.*, 88 N.Y.2d 321, 326 (1996), but Tsiampalis points to no authority for voiding an ambiguous term.

In any event, the Policy's waiver provision is not inconsistent. As Monarch points out, Tsiampalis himself identifies no inconsistencies. The provision states that Monarch waives premiums if Tsiampalis "is totally disabled for a continuous period of at least 90 days" and "will continue to waive premiums until [he is] no longer totally disabled." Compl. at 6-7. My review of the Policy turns up no terms or conditions in the Policy to the contrary.

To the extent that Tsiampalis disputes Monarch's termination of his premium waiver on the grounds that the termination is inconsistent with the Policy, *see* Compl. at 7-8, that dispute has no merit because Monarch found Tsiampalis no longer "totally disabled" under the Policy. To the extent that Tsiampalis disputes the Policy's definition of "totally disabled," his argument reduces to the argument supporting the first cause of action and must therefore be rejected.

There is therefore no legal basis for a declaratory judgment that the waiver

9

provision is inconsistent.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in full.[7] This Order does not close the case, which will proceed on the additional causes of action to be set forth in the amended complaint to be filed by February 5, 2007.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
January 23, 2007

---

[7] As I have dismissed plaintiff's substantive causes of action, I have no occasion to address his cause of action to recover fees and costs.